William M. LIVELY, and Herbert J. Wanderer, Plaintiffs,

v.

Fritz HIRSCHFELD and Wun Drop Co., Defendants.

David A. BENNETT, Archibald P. Farquhar, James E. Widner, John B. Freeman, Albert Bendelius, and Venet Advertising Inc., Plaintiffs,

v.

Fritz HIRSCHFELD and Wun Drop Co., Defendants.

Civ. A. Nos. C–1063, 1091.

United States District Court
D. Colorado.

Jan. 8, 1970.

John P. Akolt, Jr., Glenn W. Clark, Denver, Colo., for plaintiffs.

Robert W. Smedley, Denver, Colo., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

CHILSON, District Judge.

Upon the representation that these two cases involve substantially the same facts and questions of law, the two cases were consolidated for trial.

The cases came on for trial before the Court without a jury on December 17, 1969. After hearing the evidence and arguments of counsel, the Court took the matter under advisement.

## FINDINGS OF FACT

From the evidence and the uncontroverted facts set forth in the pre-trial order, the Court finds the following facts:

1. That no registration statement was filed in connection with the securities involved in this action with the Securities and Exchange Commission or the State Securities Commissioners in the states of Colorado, Illinois, Michigan and Missouri.

2. That the defendant, Wun Drop Co., at the time of its organization and at all times subsequent and pertinent hereto, did authorize the issuance of 50,000 shares of its common stock at no par value.

3. That said defendant, Wun Drop Co., on or about July 5, 1967, did issue Certificate No. 1 representing 25,000 shares of its common stock to the defendant, Hirschfeld in consideration of the payment of the sum of $5,000.00.

4. That said defendant, Wun Drop Co., on or about August 1, 1967, did issue Certificate No. 2 representing 25,000 shares of its common stock to the defendant, Hirschfeld, in consideration of his claimed past and future services to said corporation.

5. That as of August 1, 1967, and until the said defendant, Wun Drop Co., issued its Certificate No. 3, the defendant, Hirschfeld, owned or claimed to own all of the authorized shares of the common stock of said defendant, Wun Drop Co.

6. That on or about September 8, 1967, the defendant, Hirschfeld, did cause the defendant, Wun Drop Co., to issue its Certificate No. 3 for 1,200 shares to plaintiff, Bendelius, in consideration of the payment of $6,000.00, and that said 1,200 shares were from and out of the 50,000 shares then owned or claimed to be owned by defendant, Hirschfeld.

7. That on or about September 8, 1967, the defendant, Hirschfeld, did cause the defendant, Wun Drop Co., to issue its Certificate No. 7 for 1,000 shares to plaintiff, Wanderer, in consideration of the payment of the sum of $5,000.00, and that said 1,000 shares were from and out of the original 50,000 shares owned or claimed to be owned by the defendant, Hirschfeld.

8. That on or about September 8, 1967, the defendant, Hirschfeld, did cause the defendant, Wun Drop Co., to issue its Certificate No. 8 for 600 shares

to plaintiff, Lively, in consideration of the payment of the sum of $3,000.00 and that said 600 shares were from and out of the original 50,000 shares owned or claimed to be owned by the defendant, Hirschfeld.

9. That on or about October 3, 1967, the defendant, Hirschfeld, did cause the defendant, Wun Drop Co., to issue its Certificate No. 9 for 600 shares to plaintiff, Bennett, in consideration of the payment of the sum of $3,000.00, and that said 600 shares were from and out of the original 50,000 shares owned or claimed to be owned by the defendant, Hirschfeld.

10. That on or about October 3, 1967, the defendant, Hirschfeld, did cause the defendant, Wun Drop Co., to issue its Certificate No. 10 for 600 shares to plaintiff, Farquhar, in consideration of the payment of the sum of $3,000.00, and that said 600 shares were from and out of the original 50,000 shares owned or claimed to be owned by the defendant, Hirschfeld.

11. That on or about February 12, 1968, the defendant, Hirschfeld, did cause the defendant, Wun Drop Co., to issue its Certificate No. 12 for 1,000 shares to plaintiff, Freeman in consideration of the payment of the sum of $5,000.00, and that said 1,000 shares were from and out of the original 50,000 shares owned or claimed to be owned by the defendant, Hirschfeld.

12. That on or about March 27, 1968, the defendant, Hirschfeld, did cause the defendant, Wun Drop Co., to issue its Certificate No. 14 for 2,000 shares to plaintiff, Venet Advertising Inc., in consideration of services rendered by said plaintiff, and that said 2,000 shares were from and out of the original 50,000 shares owned or claimed to be owned by the defendant, Hirschfeld.

13. That on or about April 30, 1968, the defendant, Hirschfeld, did cause the defendant, Wun Drop Co., to issue its Certificate No. 17 for 1,000 shares to plaintiff, Widner, in consideration of the payment of the sum of $10,000.00, and that said 1,000 shares were from and out of the original 50,000 shares owned or claimed to be owned by the defendant, Hirschfeld.

14. That each of the stock certificates issued to the plaintiffs bore on the back the following stamped legend:

"The stock represented by this certificate is subject to first refusal contract in favor of Fritz Hirschfeld."

Each of the plaintiffs executed an agreement in the form of defendant's Exhibit B agreeing that they would not sell or assign any of their stock in Wun Drop Co., "without first offering said stock to Mr. Hirschfeld upon the same price and terms as offered to the undersigned in good faith for a period of four years from the date hereof."

15. The sales of stock were made either by the defendant, Hirschfeld, or Mr. Harry Johnson, the president of Wun Drop Company, acting on behalf of Hirschfeld.

16. Stock was offered by Johnson and Hirschfeld to a total of between 20 and 25 different persons or entities; each of the offerees was a personal friend, acquaintance, or business associate of either Johnson or Hirschfeld; that each of the offerees, by virtue of their acquaintanceship or relationship with either Johnson or Hirschfeld had access to any information which would have been revealed by a registration statement; that each of the offerees with the exception of Venet Advertising Inc., were individuals with substantial education and business experience. There is no evidence that the defendant withheld from the offerees, information which would have been disclosed by a registration statement and which if disclosed, would have led the investor not to purchase the stock.

17. The purchasers acquired the stock with the intent to hold it for investment anticipating that in the future they could dispose of the stock at a profit. The investors, including the plaintiffs, did not purchase the stock with the intent to distribute it to others or to

resell it in the immediate future, and the agreement of the investors to give Hirschfeld the first right to purchase the stock if the investor desired to sell it was required, at least in part, to prevent resale or distribution of the stock in the immediate or near future.

## CONCLUSIONS OF LAW

Upon these facts, the Court concludes as a matter of law:

1. The defendant, Hirschfeld was not an underwriter under the statutory definition set forth in Section 2(11) of the Securities Act.

2. The transactions complained of were not effected in violation of or so as to give rise to liability pursuant to Colorado Revised Statutes, 1963, Section 125–1–6, 125–1–21(5), and 125–1–21(1).

3. The transactions complained of were not effected in violation of or so as to give rise to liability pursuant to Illinois Revised Statutes of 1965, Chapter 121½, Section 137.13, Section 137.-12(A), 137.12(F), 137.12(D), 137.5, 137.12(B), 137.13(D), and 137.13(B).

4. The transactions complained of were not effected in violation of or so as to give rise to liability pursuant to Michigan Compiled Laws as amended, Section 451.701, 451.810(a), and 451.-810(a) (2).

5. The transactions complained of were not effected in violation of or so as to give rise to liability pursuant to Revised Statutes of Missouri, as amended, Section 409.301, 409.411(e), and 409.411(a).

6. Judgment of dismissal of the complaints in these actions should be entered, and the defendants should have judgment for their costs.

It is therefore ordered that judgment of dismissal of the complaints in the above entitled cases shall enter forthwith and the defendants shall have judgment for their costs to be taxed by the Clerk of the Court upon the filing of a bill of costs.